IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 06-00132-01-CR-W-ODS |
| OSCAR SILVA-YANEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On August 16, 2006, I held a change-of-plea hearing after this case was referred to me by United States District Judge Ortrie Smith. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

### I. BACKGROUND

On April 5, 2006, an indictment was returned charging defendant with one count of possessing a firearm while in the United States illegally, in violation of 18 U.S.C. §§ 922(g)(5)(a) and 924(a)(2). Judge Smith referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on August 16, 2006. Defendant was present, represented by Assistant Federal Public Defender Laine Cardarella. The government was represented by

Assistant United States Attorney Stefan Hughes. The proceedings were recorded and a transcript of the hearing was filed on August 17, 2006.

## II. AUTHORITY OF THE COURT

The authority of federal Magistrate Judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that Magistrate Judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury voir dire falls within a Magistrate Judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United

2

States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a Magistrate Judge's involvement in voir dire, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of de novo review by a District Judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

3

The <u>Torres</u> court also addressed the implications of such a delegation for Article III's case and controversy clause. <u>Id.</u> Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a Magistrate Judge. <u>Id.</u> Moreover, the district court's de novo review of the plea proceedings contributes to the ministerial nature of the Magistrate Judge's role. <u>Id.</u>

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### *III. FINDINGS OF FACT*

1. On April 5, 2006, an indictment was returned charging defendant with one count of possessing a firearm while in the United States illegally, in violation of 18 U.S.C. §§ 922(g)(5)(a) and 924(a)(2) (Tr. at 6). Defendant understood the charge in the indictment (Tr. at 6).

2. The statutory penalty for the charged violation is not more than ten years in prison, a fine of up to $250,000,

4

a supervised release term of not more than three years, and a mandatory $100 special assessment (Tr. at 6-7). Defendant understood the statutory penalty (Tr. at 7).

    3.    Defendant was advised of the following:

        a.    That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 7);

        b.    That he has the right to assistance of counsel throughout the trial (Tr. at 10);

        c.    That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 8);

        d.    That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 8);

        e.    That defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that defendant may not testify at trial (Tr. at 9-10);

        f.    That defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 9); and

5

Case 4:06-cr-00132-ODS   Document 38   Filed 08/21/06   Page 5 of 10

g. That defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 10-11).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 11-12).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 12). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 12). Defendant stated that he understood (Tr. at 12).

6. Government counsel stated that this was an open-file case, and defense counsel stated that she reviewed the government's file (Tr. at 12-13, 14-15). Government counsel stated that its evidence would show that on March 13, 2006, DEA agents identified 1304 Cleveland, Kansas City, Jackson County, Western District of Missouri, as part of an ongoing narcotics investigation. On that date, officers conducted a knock-and-talk at the residence. They contacted a Hispanic male who identified himself as Marco Perez-Ruiz. Agents told Perez-Ruiz they were conducting a narcotics investigation, and the residence had been identified as part

6

of that investigation. Agents requested and were granted verbal consent to conduct a protective sweep of the residence for additional persons. And Mr. Perez-Ruiz advised that there were no other persons in the residence. However, during the sweep, the landlord was fixing electrical problems inside the residence. In addition, agents saw two clear plastic bags containing a green, leafy substance believed to be marijuana lying in plain view on the kitchen table. Perez-Ruiz told the agents the marijuana belonged to him and it was for personal use. And agents then asked Perez-Ruiz if there were any other persons or items that could compromise their safety. Mr. Perez-Ruiz responded that there was a handgun in his bedroom under the pillow. Agents then recovered a Smith & Wesson Model SW40VE .40-caliber, semi-automatic handgun, Serial Number PDJ10004, where Mr. Perez-Ruiz had told them it would be. At that time, Mr. Perez-Ruiz was arrested. Agents later determined that Mr. Perez-Ruiz's actual identity was Oscar Silva-Yanez, and that he had entered the United States unlawfully. Additionally, agents determined that the Smith & Wesson firearm that was previously identified was not manufactured in the State of Missouri and that Mr. Silva-Yanez was an illegal alien for purposes of this statute (Tr. at 13-14).

7. Defense counsel agreed that her review of the evidence and her independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 15).

8. Defendant was placed under oath (Tr. at 12) and admitted the following: On March 13, 2006, he was here in the Western District of Missouri, had not received any legal authority to be here, and was in the United States illegally. On March 13, 2006, defendant had in his possession a Smith & Wesson Model SW40VE semi-automatic pistol. Defendant does not dispute that the gun was transported in interstate commerce in order to get to Missouri (Tr. at 16-17).

9. Defendant is aware that there is no written plea agreement in this case; however, the government has agreed that it will not pursue a case currently pending before Catherine Connelly dealing with defendant's fingerprint having been found on a bag of cocaine (Tr. at 3-5, 17-18).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 18).

11. Defendant is satisfied with the advice and guidance he has received from Ms. Cardarella (Tr. at 18). There is nothing Ms. Cardarella has done that defendant did

8

not want her to do, and there is nothing he wanted Ms. Cardarella to do that she has not done (Tr. at 18).

12. Defendant is 23 years of age and has a high school education (Tr. at 18-19). He can understand some English, and has had no difficulty communicating with Ms. Cardarella or understanding the court proceedings (Tr. at 19). He was not under the influence of any alcohol or drug that would affect his ability to make an intelligent choice about pleading guilty during the change-of-plea hearing (Tr. at 19-20).

13. Defendant tendered a plea of guilty to the crime charged in this indictment (Tr. at 20).

14. The parties waived the ten-day objection period to the Report and Recommendation (Tr. at 21).

## IV.  *ELEMENTS OF THE CHARGED OFFENSE*

The elements necessary to sustain a conviction for possessing a firearm while in the United States illegally are:

One, the defendant was present in the United States illegally;

Two, the defendant thereafter knowingly possessed a firearm; and

9

Three, the firearm was transported across a state line at some time during or before the defendant's possession of it.

See generally Eight Circuit Model Criminal Jury Instructions 6.18.922 and 6.18.922(G)(3).

## *V. CONCLUSION*

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in this indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 21, 2006

10

Case 4:06-cr-00132-ODS   Document 38   Filed 08/21/06   Page 10 of 10